# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**KENTRELL LANDRY (#578407)**                          **CIVIL ACTION**

**VERSUS**

**N. BURL CAIN, WARDEN**                               **NO. 15-0005-SDD-EWD**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 17, 2017.


_____
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

| | |
|---|---|
| **KENTRELL LANDRY (#578407)** | **CIVIL ACTION** |
| **VERSUS** | |
| **N. BURL CAIN, WARDEN** | **NO. 15-0005-SDD-EWD** |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.   Petitioner, Kentrell Landry, challenges his 2010 convictions and sentences entered in the Nineteenth Judicial Court for the Parish of East Baton Rouge, State of Louisiana, on one count of aggravated rape, one count of armed robbery and one count of attempted armed robbery.   Petitioner contends (1) that the trial court erred in allowing certain evidence to be admitted at trial, (2) that such error was not harmless, (3) that Petitioner's request for copies of pertinent portions of the trial proceedings and investigatory and evidentiary materials was improperly denied, (4) that he was provided with ineffective assistance of counsel at trial, and (5) that there was prosecutorial misconduct during trial.

The State of Louisiana has responded to Petitioner's application by contending that Petitioner's claims are time-barred by virtue of the one-year statute of limitations found in 28 U.S.C. § 2244.   This statute provides, in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of —
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ….

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this sub-section.

28 U.S.C. § 2244(d).   As interpreted, this statute provides that the one-year limitations period begins to run on the date that the judgment becomes final by conclusion of direct review or through expiration of the time for seeking such review.   28 U.S.C. § 2244(d)(1)(A).   Thereafter, the time during which a properly filed application for state post-conviction or other collateral review is pending with respect to the pertinent judgment or claim tolls the one-year limitations period and shall not be counted toward any part of that period.   28 U.S.C. § 2244(d)(2).   In contrast, the time during which there is no properly-filed state court application pending is counted against the one-year period.   *Flanagan v. Johnson,* 154 F.3d 196, 199 n. 1 (5th Cir. 1998)*.   See also Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998).   To be considered "properly filed" for purposes of § 2244(d)(2), an application's delivery and acceptance must be in compliance with the applicable laws and procedural rules governing filings. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005), *citing Artuz v. Bennett*, 531 U.S. 4, 8 (2000).   Further, a state application is "pending" both while it is before a state court for review and also during the interval of time after a state court's disposition while Petitioner is procedurally authorized under state law to proceed to the next level of state consideration.   *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

In the instant case, Petitioner filed a direct appeal asserting (1) that the trial court abused its discretion by allowing testimony regarding Petitioner's comments to law enforcement after arrest regarding certain song lyrics, and (2) that such error was not harmless.   On February 10, 2012, the Louisiana Court of Appeal for the First Circuit affirmed Petitioner's convictions and sentences.   *See State v. Landry,* 90 So.3d 553 (La. App. 1st Cir. 2012).   Petitioner thereafter sought supervisory review in the Louisiana Supreme Court, which Court denied review, without comment, on June 1, 2012.   *See State v. Landry*, 90 So.3d 436 (La. 2012).   Upon the failure of Petitioner to file an

application for a writ of certiorari in the United States Supreme Court, his convictions became final on August 30, 2012, after expiration of the ninety-day period allowed for him to do so. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (recognizing that the period of time allowed for a petitioner to proceed in the United States Supreme Court is included in calculating the finality of a conviction).

Approximately six months after the finality of his conviction, on or about March 7, 2013, Petitioner filed an application for post-conviction relief ("PCR") in the state trial court.[1] As provided by the above-referenced statute, this filing tolled the running of the limitations period. However, inasmuch as there were no collateral review proceedings pending before that date, approximately 189 days elapsed on the one-year clock. Thereafter, the one-year period remained tolled until denial of Petitioner's PCR application in the state trial court on July 25, 2013, and for an additional thirty (30) days thereafter, or until August 24, 2013, because Louisiana procedural law provides for a 30-day period to proceed to the next level of state review and because, under federal law, as explained above, the limitations period remains tolled both during the time that a properly-filed post-conviction review application is pending before the state trial court and during the interval after the ruling thereon when Petitioner has the right under state procedural law to proceed to the next level of appellate review. *Melancon v. Kaylo, supra*, 259 F.3d at 406.

The State makes an assertion that Petitioner did not thereafter timely proceed to the next level of appellate review by filing an application for such review in the intermediate appellate court by August 24, 2013. Specifically, the State contends that Petitioner did not file his writ application until September 13, 2013. Petitioner, however, has introduced evidence suggesting that on August 21,

---

1    The state court record filed in this proceeding does not contain a copy of Petitioner's application for post-conviction relief. However, the record contains a copy of the Recommendation of the State Court Commissioner signed May 14, 2013 relative to that application. *See* State Court Record, Volume 1. That Recommendation includes a statement that Petitioner filed his application for post-conviction relief on March 7, 2013. *See id.*

2013, within the 30-day period, he placed his writ application addressed to the Louisiana Court of Appeal for the First Circuit into the prison mailing system. *See* R. Doc. 18-3 at p. 3. If so, Petitioner's writ application would be seen to be timely because the law provides that a petitioner's habeas application is deemed to be filed on the date that he places it into the hands of prison officials for mailing, not on the date that it is later received by the court. *See Causey v. Cain*, 450 F.3d 601, 607 (5th Cir. 2006); *Lane v. Rogers*, 2012 WL 3160034, *1 n. 3 (E.D. La. June 21, 2012). Notwithstanding, even if Petitioner's writ application in the intermediate appellate court was in fact untimely, the resulting delay would not be seen to be substantial. Specifically, accepting the State's assertion that Petitioner missed the August 24, 2013 deadline and did not file his writ application until September 13, 2013, only 20 days of the limitations period would be seen to have elapsed (August 24 to September 13, 2013). This is because the courts have concluded that a late filing in the intermediate state appellate court can re-commence the tolling of the limitations period and that a petitioner is only penalized for the intervening period of delay. *See Melancon v. Kaylo, supra*, 259 F.3d at 407.

Finally, the State concedes that Petitioner's post-conviction review proceedings thereafter remained tolled through the conclusion of review in the intermediate state appellate court and through conclusion of timely review before the Louisiana Supreme Court. Upon the conclusion of those proceedings, through denial of Petitioner's application for supervisory review before the Louisiana Supreme Court on October 10, 2014, the limitations period again began to run. Petitioner thereafter waited three (3) months, until January 6, 2015, to file the instant federal habeas corpus proceeding before this Court. As a result, it appears that an additional period of 88 days elapsed from the one-year limitations period during that interval.

Based on the foregoing, and notwithstanding the State's assertion to the contrary, the Court concludes that Petitioner's application is timely filed. Specifically, totaling up the entire period of

un-tolled time after the finality of Petitioner's convictions, the Court arrives at a period of, at most, only 297 days (189 + 20 + 88), *i.e.,* less than a year, during which there were no properly filed applications for post-conviction relief pending before the state courts.   With regard to the State's assertion that Petitioner's application is untimely, the Court can only surmise that the State inadvertently erred in conducting its calculations relative to timeliness.   Specifically, whereas the State initially concedes on page 3 of its supporting Memorandum (R. Doc. 17) that "[o]n or about March 7, 2013, petitioner filed an application for post-conviction relief," the State thereafter inexplicably asserts on page 9 thereof, that "petitioner did not file his post-conviction relief application in state court until February 13, 2014" (approximately a year later) and "never had a properly filed application for post-conviction relief in state court" before that date.   This latter contradictory assertion is not supported by the record and, accordingly, the Court finds that Petitioner's application before this Court is timely.

## RECOMMENDATION

It is recommended that the State's contentions relative to untimeliness be rejected and that this matter be referred back to the Magistrate Judge for further proceedings.[2]

Signed in Baton Rouge, Louisiana, on May 17, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

2        Pending acceptance of this Recommendation, the Court will order the District Attorney for the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to file a supplemental memorandum addressing the substantive issues in this case and to supplement the record with pertinent documentation from the state appellate courts, specifically all filings in the Louisiana Court of Appeal for the First Circuit and the Louisiana Supreme Court as this Court requested in its Order of March 18, 2015 (R. Doc. 12).